SIMON J. WEAVER and Others, Respondents, *v.* HENRY H. BRYDGES, Appellant.

*Supplementary proceedings — adjournment of the examination to a different place — appeal from an order punishing the judgment debtor for contempt.*

Under the provisions of subdivision 2 of section 2433 of the Code of Civil Procedure and of section 1342 thereof, an appeal from an order, made in proceedings supplementary to execution issued upon a judgment, punishing the judgment debtor for contempt, where the execution was issued out of a County Court, may be taken to the General Term of the Supreme Court, and no motion to vacate or modify the order, addressed either to the judge who made it or to the court out of which the execution was issued, is, under such circumstances, necessary.

An adjournment of the examination of a judgment debtor, by a referee appointed in supplementary proceedings, to such a convenient and proper place as the referee may appoint, is within the discretion given the referee by section 2444 of the Code of Civil Procedure. It is only necessary that the change of place of the hearing made by the referee should be made for some good cause and be reasonable in all respects, and if the judgment debtor is a resident of the State the place should be within the county wherein he lives.

APPEAL by the defendant, Henry H. Brydges, from an order of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 14th day of November, 1894, adjudging the defendant guilty of contempt of court and imposing a fine upon him for his misconduct in neglecting to obey an order of a referee in proceedings supplementary to execution.

*T. L. Hulburt,* for the appellant.

*E. L. Adams,* for the respondents.

DWIGHT, P. J.:

The order was made by a judge out of court in the course of proceedings supplementary to an execution issued out of the County Court of Monroe county, on a judgment recovered in the Municipal Court of the city of Rochester, of which a transcript had been filed in the office of the county clerk. The order adjudged the defendant in contempt for neglecting and refusing to appear as directed by the referee pursuant to an adjournment of the proceedings for his examination as a judgment debtor. The order for his examination, which was made by the same judge, required him to attend and be examined concerning his property before the referee, at his office in Fairport, on a day and at an hour named, " and for that purpose to appear before the said referee from time to time as he shall direct and appoint." Fairport is in Monroe county, about ten miles by rail from Rochester, and is the home of the judgment debtor and his attorney, as well as of the referee. The defendant failed to appear at the time and place named in the order, but excuse was made for him and an adjournment was taken to a subsequent day and hour, at the same place. On the adjourned day the defendant appeared and his examination was begun, when it was disclosed that both the referee and the attorney for the defendant had an engagement in court at Rochester at eleven o'clock of the same day, and an adjournment of the examination must be taken for their accommodation; whereupon the attorney for the judgment creditors, who was for the second time in attendance for the purpose of the examination at Fairport, requested that such adjournment might be taken to his office in Rochester, at two o'clock of that day; and it was so ordered by the referee, who directed the

judgment debtor to appear accordingly. His attorney objected to the adjournment on the ground, as stated by the referee, that the referee had no power to require the judgment debtor to attend at any other place than that named in the order of the judge. The judgment debtor failed to attend before the referee pursuant to the last adjournment, and these facts being made to appear to the special county judge, on the return of an order to show cause, the order was made from which this appeal is taken.

The court is asked to dismiss the appeal on the ground that under section 2433 of the Code of Civil Procedure the only mode of review, in the first instance, of an order made in the course of proceedings of this character, is by motion to vacate or modify the order, addressed either to the judge who made it or to the court out of which the execution was issued. And such is the general provision of the statute as contained in the 1st subdivision of the section cited. But the 2d subdivision makes an exception of the precise case in hand, viz., " where the execution was issued out of a County Court," in which case it is provided that an appeal from such an order " may be taken in like manner as if the order was made in an action brought in the same court;" and by sections 1340 and 1342 it is provided that an appeal may be taken to the Supreme Court from an order affecting a substantial right, made by the court or a judge, in an action brought in a County Court. The appeal in this case was, therefore, properly taken, but we think there was no good ground for the appeal.

The statute relating to proceedings supplementary to execution provides for an order requiring the judgment debtor to attend and be examined concerning his property, either before the judge or the referee at a time and place specified therein. (Code Civ. Proc. § 2442.) Also that the judge or referee may adjourn the examination from time to time as he thinks proper. (Id. § 2444.) This language cannot be construed to confine the judge or referee, in the exercise of his discretion, to an adjournment to the same place named in the original order. There might be imperative reasons for a change of place for the examination, and the construction of the statute contended for by the appellant would necessitate an order *de novo* whenever a change of the place of examination was found to be necessary. An adjournment of the examination to

such convenient and proper place as the referee may appoint must be regarded as within the discretion given him by the statute, to adjourn from time to time " as he thinks proper." Moreover, the statute has taken pains to provide that "if the judgment debtor * * * is * * * a resident of the State, * * * he cannot be compelled to attend, pursuant to the order, *or to any adjournment,* at a place without the county " where he lives. The provision plainly contemplates that he may be required to attend, pursuant to an adjournment, at some place within the county other than that named in the order.

It is only necessary, we think, that the change of place should be for some good cause and reasonable in all respects. And such it clearly seems to have been in this case. Indeed, the propriety of the change is not seriously questioned, but only the power of the referee to make it.

The order appealed from should be affirmed.

LEWIS and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.